UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O                                                                                  JS - 6
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1300 ABC (JWJx) | Date | May 30, 2008 |
|---|---|---|---|
| Title | Panavise Products, Inc. v. National Products, Inc. | | |

| Present: The Honorable | Audrey B. Collins | | |
|---|---|---|---|
| Daphne Alex | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**   MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (In Chambers)

      Pending before the Court is Defendant National Products, Inc.'s ("Defendant's") Motion To Dismiss for Lack of Subject Matter Jurisdiction ("Motion"), filed on April 28, 2008. Plaintiff Panavise Products, Inc. ("Plaintiff") filed a timely Opposition, and Defendant filed a timely Reply. The Court found this motion appropriate for determination without oral argument and took the matter under submission. See Fed. R. Civ. Pro. 78; Local Rule 7-15. Upon consideration of the materials submitted by the parties and the case file, the Court **GRANTS** Defendant's Motion and **DISMISSES** Plaintiff's Complaint for the reasons stated below.

**I. BACKGROUND**

      In this action for declaratory judgment, Plaintiff seeks a declaration that its product, the 811 series device, does not infringe Defendant's patent number 6,666,420 (the '420 patent). Plaintiff also contends that the '420 patent is invalid and unenforceable.

      Defendant moves to dismiss the case for lack of subject matter jurisdiction, contending that no Article III case or controversy exists in this case because (1) the Complaint alleges no (and there had in fact been no) pre-suit communications between the parties, (2) Defendant did not know of the existence of Plaintiff's 811 series device before this suit was filed, and (3) Defendant has not even seen the 811 series device. These facts were presented in the Declaration of Jeffrey Carnevali, Defendant's president, and are not disputed. Defendant contends that, given the complete absence of any affirmative conduct by Defendant suggesting to Plaintiff that its device may be infringing Defendant's '420 patent, there is no case or controversy. Plaintiff opposes.[1]

---

[1] Plaintiff argues that Defendant did not comply with Local Rule 7-3 because it conducted the conference of counsel three days, rather than five days, before filing the Motion. Defendant candidly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O  JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1300 ABC (JWJx) | Date | May 30, 2008 |
|---|---|---|---|
| Title | Panavise Products, Inc. v. National Products, Inc. | | |

## II. LEGAL STANDARDS

**A.   Motion to Dismiss for Lack of Subject Matter Jurisdiction**

A motion to dismiss pursuant to Rule 12(b)(1) raises the question of a federal court's subject matter jurisdiction. See Fed. R. Civ. Pro. 12(b)(1). A Rule 12(b)(1) motion may attack either the allegations of a complaint as insufficient to confer upon the court subject matter jurisdiction (a "facial" challenge), or may attack the existence of subject matter jurisdiction in fact (a "speaking" motion). See Thornhill Publishing Co., Inc. v. General Telephone & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979); see also Trentacosta v. Frontier Pacific Aircraft Industries, Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (discussing the differing evidentiary standards).

For a facial challenge, all allegations of material fact are taken as true and construed in the light most favorable to a nonmoving party. When the motion to dismiss is a factual attack on subject matter jurisdiction, however, no presumptive truthfulness attaches to the allegations in the complaint, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact. See Thornhill, 594 F.2d at 733; Trentacosta, 813 F.2d at 1558 (so long as the jurisdictional issue is "separable," court may resolve disputed issues of fact on motion).

The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction (e.g., the plaintiff, or the defendant in a case that has been removed to federal court). See Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995). A court presumes lack of jurisdiction until shown otherwise. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).

**B.   Subject Matter Jurisdiction Under the Declaratory Judgment Act**

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction...any court of the United States, upon filing of an appropriate pleading, may declare the right and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The 'actual controversy' requirement of the Declaratory Judgment Act is rooted in Article III of the Constitution, which provides for federal jurisdiction over only 'cases and controversies'." Sandisk Corp. v. STMicroelectronics, Inc., 480 F.3d 1372, 1378 (Fed. Cir. 2007).

---

admits the technical violation and states it was accidental. It is apparent that there was no substantive violation of the Local Rule. Under these circumstances, the Court will not deny the motion for non-compliance with Local Rule 7-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O     JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1300 ABC (JWJx) | Date | May 30, 2008 |
|---|---|---|---|
| Title | Panavise Products, Inc. v. National Products, Inc. | | |

     In the patent dispute context, the Court of Appeals for the Federal Circuit originally employed a two-part test to determine whether a declaratory judgment plaintiff fulfilled the case or controversy requirement. The test "first considers whether conduct by the patentee creates reasonable apprehension on the part of the declaratory judgment plaintiff that it will face an infringement suit, and second examines whether conduct by the declaratory judgment plaintiff amounts to infringing activity or demonstrates concrete steps taken with the intent to conduct such activity." Id. at 1379. See also Sony Electronics, Inc. v. Guardian Media Techs., Ltd., 497 F.3d 1271, 1283 (Fed. Cir. 2007.)

     Recently, in MedImmune, the Supreme Court eliminated the first prong of this test. Id. at 1380. The Court held that a petitioner holding a license for a patent is not required to break the license agreement before seeking declaratory judgment that the underlying patent is invalid, unenforceable, or not infringed. MedImmune, Inc., v. Genentech, Inc., 127 U.S. 764, 777 (2007). The Court determined that the "reasonable apprehension of suit" prong of the test conflicted with previous case law conferring jurisdiction over claims brought by declaratory judgment plaintiffs not facing a potential lawsuit. Id. at 774. Specifically, in Aetna Life Insurance and Maryland Casualty, the court found that declaratory judgment actions brought by the insurer presented an Article III case or controversy, even though the insureds had not given any indication that they intended to file a lawsuit. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239(1937); Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 271-273 (1941).

     The Supreme Court then explained that, based on this prior case law, an Article III case or controversy exists when "the facts alleged, under all circumstances, show that there is a substantial controversy, between parties having adverse interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgement." MedImmune, 127 S.Ct. 771 (citing Maryland Casualty, 312 U.S. 270, 273 (1941)). The Court elaborated that "the dispute must be 'definite and concrete, touching the legal relations of parties having adverse legal interest'; and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Id at 771. Therefore, a declaratory judgment plaintiff need not "destroy a large building, bet the farm, or (as here) risk treble damages and the loss of 80 percent of its business, before seeking declaration of its actively contested legal rights...." Id. at 775.

     In Sandisk, the Federal Circuit analyzed MedImmune and confirmed that MedImmune rejected its old test for an Article III "case or controversy". The Federal Circuit declared that "Article III jurisdiction may be met where the patentee takes a position that puts the declaratory judgment plaintiff in a position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do." Sandisk, 480 F.3d at 1381. Applying that rule to the facts before it, the Federal Circuit held that, "where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where the party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O     JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1300 ABC (JWJx) | Date | May 30, 2008 |
|---|---|---|---|
| Title | Panavise Products, Inc. v. National Products, Inc. | | |

### III. DISCUSSION

As indicated above, Plaintiff proffers no facts or evidence disputing Defendant's averment that there have been no pre-suit communications between the parties, that Defendant did not know of Plaintiff's 811 series device before this suit was filed, and still has never even seen Plaintiff's device, let alone examine it to determine whether it potentially infringes Defendant's '420 patent. Plaintiff urges that the Declaration of its president, Gary Richter, refutes these aspects of Plaintiff's declaration. Specifically, Richter states that both Plaintiff and Defendant were in attendance at a January 2008 trade show in Las Vegas where Plaintiff ran a booth displaying its products, including the 811 series device, and that some of Plaintiff's competitors visited Plaintiff's booth. (Richter Decl. ¶¶ 7-9.) Based on these assertions, Plaintiff insinuates that Defendant could well have seen the 811 series device.

First, the conclusion that Plaintiff suggests is mere speculation: Plaintiff has presented no evidence that Defendant actually saw the 811 series device. Without such evidence, Defendant's denial of knowledge is uncontested. Indeed, Plaintiff primarily relies on the allegations of its Complaint, and reliance on mere allegations is insufficient to show the existence of subject matter jurisdiction when that jurisdiction is subject to a factual challenge. See Safe Air v. Meyer, 373 F.3d 1035 , 1039 (9th Cir. 2004) (in resolving a motion that presents a factual attack concerning jurisdiction, "the district court may review evidence beyond the complaint without converting th emotion to dismiss into a motion for summary judgment" and "need not presume the truthfulness of the plaintiff's allegations"); Savage v. Glendale Union High Sch. Distr. No. 205, 3453 F.3d 1036, 1039 n.2 (9th Cir. 2003) ("the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.")

Plaintiff also contends, however, that the post-MedImmune standard does not require an affirmative act by the defendant to provide a basis for a declaratory judgment suit; rather, it is a totality of the circumstances test. Plaintiff contends that the allegations of its Complaint satisfy this test. Those allegations relate to Plaintiff's mere awareness that the parties are competitors, that Plaintiff and Defendant sell similar devices, that Defendant has sued others for infringement of the '420 patent and thus apparently diligently enforces its patent rights, and that Plaintiff professes a wholly self-generated concern that its 811 series device potentially infringes Defendant's '420 patent.

Having reviewed the case law, it is clear that no case or controversy can exist in a patent action for declaratory relief in the absence of an act by the defendant. For example, in Sandisk, the court stated that "*declaratory judgment jurisdiction generally will not arise* merely on the basis that a party learns of the existence of a patent owned by another or even perceives such a patent to pose a risk of infringement, *without some affirmative act by the patentee*." Sandisk, 480 F.3d at 1380-1381 (emphasis added). That is exactly the situation here: Plaintiff merely learned that Defendant owns a patent and is concerned that its own device may infringe Defendant's patent, but Defendant has taken no affirmative act in relation to Plaintiff's device; indeed, Defendant did not know of Plaintiff's device and has yet to see it. Sandisk further states that "Article III jurisdiction *may* be met *where the patentee takes a position*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

O      **CIVIL MINUTES - GENERAL**      JS - 6

| Case No. | CV 08-1300 ABC (JWJx) | Date | May 30, 2008 |
|---|---|---|---|
| Title | Panavise Products, Inc. v. National Products, Inc. | | |

that puts the declaratory judgment plaintiff in a position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do," id. (emphasis added), thereby reinforcing the notion that no case or controversy can exist where the defendant has taken no position.  It is undisputed that Defendant has taken no position with respect to Plaintiff and/or the 811 series device.

That Defendant has sued other unrelated persons for infringement of the '420 patent does not constitute action toward this plaintiff and the 811 series device, and therefore does not contribute to the existence of a case or controversy between these parties   Without Defendant even knowing about Plaintiff's device, it is not apparent that the parties have "adverse legal interest[s]" and that the dispute is "definite and concrete."  Rather, Plaintiff is seeking what MedImmune forbids: "an opinion advising what the law would be upon a hypothetical state of facts." MedImmune, 127 S.Ct. at 77.  Indeed, the cases Plaintiff cites in support of its position all involve a defendant communicating with the plaintiff about plaintiff's device.  Plaintiff has directed the Court to no case in which a case or controversy was found in the absence of any act by the defendant directed toward the plaintiff and/or plaintiff's device.

The absence of any communication or conduct by Defendant towards Plaintiff about the 811 series device is dispositive of the jurisdictional question: there is no actual case or controversy upon which the Court's subject matter jurisdiction may rest.  The Court need not reach the remaining arguments presented in the Motion.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's Motion and hereby **DISMISSES** Plaintiff's Complaint for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

                         : 

Initials of Preparer    DA